UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

**TERRY WAYNE ROBERTSON, JR.**   CASE NO. 11-10354
**MIRA MONIQUE ROBERTSON**

DEBTORS                                                                        CHAPTER 13

**MEMORANDUM OPINION**

Chapter 13 debtors Terry and Mira Robertson objected to a $1,585.40 unsecured proof of claim filed on behalf of GC III LLC and its agent Quantum3 Group LLC (collectively "GC"). They contend that Louisiana Civil Code article 3494 bars the claim as prescribed – that is, time-barred.[1] GC admits that the claim would be prescribed but counters that the debtors renounced their ability to plead prescription because their confirmed chapter 13 plan provides for payment of the debt.

The debtors did not renounce prescription on GC's claim by prosecuting and obtaining confirmation of a plan paying the class of unsecured claims. Thus GC's claim is disallowed because it is prescribed and no longer enforceable.

**Facts**

The court confirmed the debtors' second amended chapter 13 plan on July 22, 2011.[2] Neither the debtors' schedules nor their amended schedules[3] listed a debt to GC III LLC or Quantum3 Group LLC, and their plan did not single out GC or Quantum Group as a creditor.

---

[1] Prescription is the civilian analog to the common law concept of statute of limitations.

[2] Second Amended Plan filed July 15, 2011 (P-37); July 22, 2011 Order Confirming Chapter 13 Plan (P-38).

[3] Schedules D and F (P-2) listed the debtors' secured and unsecured non-priority debts. The debtors amended their other schedules twice (P-21 and P-74) but never amended schedules D or F.

Rather, as typical of chapter 13 plans in this district, the confirmed plan merely defined Class A as comprising the "creditors holding *allowed* unsecured claims."[4]  (Emphasis added.)

GC filed its proof of claim in 2011 before confirmation, but amended the claim in 2014 in response to the debtor's objection[5] that the original claim did not comply with Fed. R. Bankr. P. 3001(c)(3)(A).[6]  GC's amendment mooted the debtors' initial objection but triggered a second objection[7] based on prescription.  The debtors' affidavit supporting the claim objection recites that neither debtor had made any payment on the account on which the claim is based in the three years before their bankruptcy filing.[8]  GC's amended claim corroborates that contention: it identifies April 8, 1997 as the date of the last transaction on the account.

No party sought to offer evidence at the hearing.

## Law and Analysis

Liberative prescription bars claims that creditors have not timely pursued.  Louisiana Civil Code art. 3447.  Actions on open account prescribe in three years.  Louisiana Civil Code art. 3494.  Neither party disputes that three years is the applicable prescriptive period.

---

[4]  An allowed claim is one that is either deemed allowed because no party objects to it, or one that has been objected to and for which the court, after notice and a hearing, has determined the validity and amount.  11 U.S.C. §502(b) and (b).

[5]  Objection to Claim Number Six of GCIII/Quantum3 Group LLC (P-78).

[6]  Bankruptcy Rule 3001(c)(3)(A), amended in 2012, specifies information that must accompany a proof of claim based on an open account or revolving consumer credit agreement.  The information includes the name of the entity from whom the creditor purchased the account; the name of the entity to whom the debtor owed the debt at the time it last paid on the debt; the date of the debtor's last transaction on the account; the date of the last payment; and the date on which the account was charged off.

[7]  Objection to Claim Number Six of GCIII LLC/ Quantum3 Group LLC (P-86).  The debtors' reason for not objecting to GC's claim for almost three years post-confirmation is not apparent from the record.

[8]  Affidavit (P-89).  Paragraph IV of the affidavit recites that the debtors have not acknowledged a debt, but refers to CitiFinancial, Inc., instead of GC or any of its predecessors.  However, because acknowledgement goes to interruption of prescription, for which GC bears the burden (*See Jackson v. Jefferson Parish Clerk of Court, 981 So.2d 156, 159 (La. App. 5th Cir. 2008))*, the scrivener's error is inconsequential.

The form GC filed with its amended proof of claim in 2014 revealed that the last transaction on the account was on April 8, 1997, the same day the account was "charged off" – that is, charged to profit and loss.[9]  Thus, GC's claim prescribed in April 2000 and so was barred when the debtors filed bankruptcy.  The parties do not disagree that the claim is prescribed on its face.  Instead, GC argues that the debtors have renounced the benefit of the time bar by providing for the claim in their confirmed plan, on which the trustee has made payments for three years.

The party pleading prescription bears the burden of proving that it has accrued; once proven, the burden shifts to the claimant to prove that prescription was suspended or interrupted, or that the obligee renounced it.  *Jackson v. Jefferson Parish Clerk of Court*, 981 So.2d 156, 159 (La. App. 5th Cir. 2008), citing *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383, 1386 (La. 1993).  Prescription may be renounced, either expressly or tacitly, but only after it has accrued.  Louisiana Civil Code arts. 3449, 3450.

GC contends that the debtors explicitly renounced prescription by providing for GC's unsecured claim in their confirmed plan and making months of plan payments to the trustee (from which GC received distributions on its claim).  Alternatively, GC argues that the debtors have tacitly renounced prescription by confirming a plan and allowing the trustee to pay GC for more than three years.

### *The Debtors Did Not Expressly Renounce Prescription*

Renunciation of accrued prescription must be " 'clear, direct and absolute,' " whether it is explicit or tacit.  *Huckabee v. Sunshine Homes*, 647 So.2d 409, 413 (La. App. 2d Cir. 1994), *quoting Lima v. Schmidt*, 595 So.2d 624, 631 (La. 1992).  Indeed, renunciation " 'requires a new promise to pay the debt … .' "  *Weeks v. Louisiana Patient's Compensation Fund*, 858 So.2d 851,

---

[9]  See Bankruptcy Rule 3001(c)(3)(A)(v).

3

854 (3d Cir. 2003), *writ denied*, ___ So.2d ____ (La. 2014), *quoting Lima v. Schmidt*, 595 So.2d at 631. The promise to pay must be a "declaration which gives the person to whom it is made the right to expect or claim the performance of a specific act." *Id*. at 854, *quoting Lima*, 595 So.2d at 631.

The debtors did not schedule GC or its predecessor GE Capital among their creditors. Nor did their confirmed plan demand payment of any specific unsecured claim: it merely referred to unsecured claims generically.[10] Nothing in the plan's text supports a finding that it was the debtors' unconditional agreement to pay all proofs of claim. Rather, a footnote following the plan's provisions for payment of unsecured claims recites: {*\*Informational purposes only; to be included in Class A the claims must be allowed.*}[11] The plan did not explicitly declare that the debtors would pay GC's claim and therefore it is not a new promise to pay the time-barred debt.[12] Accordingly, it does not explicitly nullify the accrued prescription.

*The Debtors Did Not Tacitly Renounce Prescription*

Nor does Louisiana jurisprudence give any support to GC's contention that the debtors' payments pursuant to the confirmed plan tacitly renounced prescription that accrued in their favor.

As with express renunciation of prescription, tacit renunciation must be clear and direct. *See Huckabee*, 647 So.2d at 413. Payments after prescription has accrued are not alone

---

[10] See Second Amended Plan, section 4A (P-37). The confirmed plan, like most chapter 13 plans in this district, defines as "Class A" the class of unsecured claims, comprising "allowed unsecured claims" with exceptions not relevant to this opinion.

[11] See footnote 10, above.

[12] Nor would the debtors' scheduling of GC's claim itself support a finding or conclusion that the debtors had renounced prescription. *See Settoon Marine, Inc. v. Great Lakes Dredge & Dock Co.*, 657 So.2d 537, 539-40 (La. App. 4th Cir. 1995) (defendant's pleadings in lawsuit on open account that admitted debt did not rise to the level of a new promise to pay); *Frellsen v. Gantt*, 25 La. Ann. 476 (La. 1873) (simple acknowledgement of a debt, when prescription is acquired, is not a renunciation of prescription).

sufficient to tacitly renounce its benefit.  For example, in *Neese v. Papa John's Pizza*, 44 So.3d 321, 329 (La. App. 5th Cir. 2010), a check delivered in payment of worker's compensation benefits after prescription had accrued did not constitute renunciation of prescription absent evidence that the employer intended the check to be a new promise to pay or that the employer clearly and directly intended to renounce prescription.  *See also Beatty v. Vining*, 147 So.2d 37, 41-42 (La. App. 2d Cir. 1962) (alleged payment on open account made several years after accrual of prescription ineffectual to renounce prescription without a new promise to pay).  Louisiana courts repeatedly have held that debtors' partial payments on prescribed debts do not operate as a renunciation of prescription.  *Succession of Aurianne*, 219 La. 701, 53 So.2d 901 (La. 1951), citing *Succession of Slaughter*, 108 La. 492, 493, 32 So. 379 (La. 1902) (debtor's part payment on prescribed debt did not renounce acquired prescription).

In short, Louisiana law does not support the conclusion on this record that the trustee's payments on GC's claim pursuant to the confirmed plan renounced the benefit of prescription.

Finally, GC's rights in the debtors' bankruptcy were measured as of the date of the chapter 13 petition.[13]  A debtor's unilateral actions after a bankruptcy filing, including providing for payments on a claim through a confirmed plan, cannot alone revive an unenforceable prepetition debt.  The logical implication of GC's argument is that debtors essentially could incur debt post-petition unintentionally simply by prosecuting a chapter 13 plan.  That result is not consistent with the Bankruptcy Code or underlying policy.

---

[13]  The Bankruptcy Code defines a *creditor* as an "entity that has a claim against the debtor *that arose at the time of or before the order for relief* concerning the debtor." 11 U.S.C. §101(10)(A) (Emphasis added.)

5

**Conclusion**

The debtors neither expressly nor tacitly renounced liberative prescription on GC's claim, which accrued before the debtors filed chapter 13. GC's claim is time-barred and is disallowed under 11 U.S.C. §502(b)(1).

Baton Rouge, Louisiana, December 4, 2014.

<u>**s/Douglas D. Dodd**</u>
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE